■ In the Matter of NORTHERLY CORP., Appellant, v. HERMETT REALTY CORPORATION, Respondent.— Order and judgment (one paper) directing petitioner to pay respondent $28,900 with interest from May 28, 1962, and directing that the order be docketed as a judgment pursuant to rule 74 of the Rules of Civil Practice, unanimously modified to provide that interest run from December 29, 1962 and further providing that execution on the judgment to be entered be stayed until 10 days after closing to be held on a date to be fixed in the order, at which closing respondent shall tender documents of title. Petitioner brought an action for the appraisal of real estate in accordance with a lease between the parties. An appraisal was had and an order entered directing the petitioner to pay the appraised value, $30,000, subject to adjustments to be fixed at a closing and directing respondent to deliver documents of title and vacate the premises. At the closing adjustments of $1,100 in favor of petitioner were agreed upon and petitioner tendered the balance of $28,900. Respondent tendered documents of title which were made subject to respondent's appeal from the order. These were not acceptable. Respondent did appeal. Petitioner did obtain possession upon posting a bond but the absence of the appropriate documents puts a cloud on its title. Appellate procedure was completed on December 6, 1962, and resulted in affirmance of the order. On December 20, 1962, respondent requested a closing on December 29, 1962, at which time it offered to deliver the documents and asked to receive the price as fixed at the earlier closing. Petitioner refused on the ground that respondent's delay in evacuating the premises had caused them damage and in fact they were suing to recover the same. We find no merit in the technical objections to the order nor in the contention that payment should await the determination of petitioner's claim for damages. The modifications in Special Term's order result from the fact that before respondent would be entitled to receive the price it must tender documents of title. There is no dispute as to these as the sole objection to those originally tendered was the reservation of rights pending appeal. Petitioner having made a tender on May 28, 1962, is relieved of interest charges until it was put in default by refusing to accept a tender of the documents which was fixed for December 29, 1962. The closing ordered will provide an orderly method for the exchange. Settle order on notice. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.